THE SOUTHERN RAILWAY COMPANY

*v.*

THE PEOPLE *ex rel.* Adolph Andel, County Treasurer.

*Opinion filed December 16, 1902.*

1. MUNICIPAL CORPORATIONS—*act of 1883, concerning tax for lighting streets, construed.* The act of 1883, (Laws of 1883, p. 68,) authorizing cities and villages to levy and collect, annually, "in addition to all other taxes now authorized by law, a tax of not exceeding three mills on the dollar" for the purpose of lighting streets, etc.. and providing that "nothing in this act shall be so construed as to increase the amount of aggregate taxes that may be levied in any one year by any city or village," as provided in section 1 of article 8 of the City and Village act, neither adds to nor detracts from the powers of cities and villages organized under the general law.

2. SAME—*power of village organized under the general law to levy a tax for street lighting.* A city or village organized under the general law has power, irrespective of the act of 1883, (Laws of 1883, p. 68,) to provide for lighting the streets and to levy and collect taxes for that and other corporate purposes, provided the aggregate of taxes levied in one year, exclusive of the amount levied to pay bonded indebtedness or interest thereon, shall not exceed two per cent upon the valuation of the taxable property.

APPEAL from the County Court of St. Clair county; the Hon. FRANK PERRIN, Judge, presiding.

KRAMER, CREIGHTON & SHAEFFER, (ALEXANDER P. HUMPHREY, of counsel,) for appellant.

JAMES A. FARMER, (AUGUST BARTHEL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The village of Brooklyn, in St. Clair county, levied a tax of $4\frac{9}{10}$ mills on each dollar of the taxable property in the village, for the year 1901, for the purpose of lighting the streets of the village. Appellant appeared in the county court of said county and resisted application for judgment against its property for the excess of said taxes

above three mills on the dollar. Its objection was overruled and judgment rendered, and this appeal followed.

The ground of the objection is, that the tax to be levied for the purpose of lighting the streets is authorized, and also limited to three mills on the dollar of the taxable property in the village, by an act entitled "An act in relation to the levy and collection of taxes for sewerage and water-works in cities of this State, that may have established a system of sewerage and water-works for such city, and to repeal an act therein named, and to authorize the cities, villages and incorporated towns of this State to levy and collect taxes to pay for water and light," in force July 1, 1883. (Hurd's Stat. 1899, p. 317.) Section 2 of that act contains this provision: "The legislative authority of each of the cities, villages and incorporated towns in this State, with the concurrence of two-thirds of the members thereof, shall be authorized to levy, and collect annually, upon the taxable property within its limits, in addition to all other taxes now authorized by law, a tax of not exceeding three mills on the dollar of such taxable property to be used exclusively for the purpose of lighting streets: * * * *Provided, also,* that nothing in this act shall be so construed as to increase the amount of aggregate taxes that may be levied in any one year by any city or village as provided in section one (1), of article 8 of an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872."

The village of Brooklyn is organized under said act of 1872, known as the General Incorporation act. The act of 1883 purports to confer authority upon all cities, villages and towns, whether organized under said general law or a special charter, to levy a tax of three mills on the dollar, in addition to all other taxes authorized by law, for the purpose of lighting the streets, but provides that in case of cities, villages and towns incorporated under said general law, the aggregate amount of

taxes shall not be increased beyond the amount already authorized.   The act of 1883 may have the effect to confer additional powers upon cities, villages and towns organized under special charters, where the previous limit of taxation was less than two per centum of the taxable property, and it was so held in *Thatcher* v. *Chicago and Northwestern Railway Co.* 120 Ill. 560; but it was the opinion of the court in that case that cities, villages and towns organized under the general law were practically excluded from the provisions of the special act.  It seems clear that nothing was added to their powers by the special act.   The village of Brooklyn had power, under the general act of incorporation, to provide for lighting its streets, and to levy taxes for that and other corporate purposes not exceeding two per centum of the value of the taxable property.   The eleventh clause of section 1 of article 5 of said general law authorizes the president and board of trustees to provide for lighting the streets of the village, and said section 1 of article 8 provides that they may levy and collect taxes for corporate purposes in the manner therein specified, provided the aggregate amount of taxes levied in one year, exclusive of the amount levied for the payment of bonded indebtedness, or the interest thereon, shall not exceed the rate of two per centum upon the aggregate valuation of all property within such city or village.   The aggregate taxes levied by the village for the year 1901 amounted to 1 $\frac{80}{100}$ cents on the dollar of such taxable property, and was within the limit fixed by the general law.

While the act of 1883 purports to authorize the levy of taxes in addition to the rate allowed by law, it is expressly provided therein that the aggregate of taxes shall not exceed the rate already authorized in the case of villages incorporated under the general law. (*Baltimore and Ohio Southwestern Railroad Co.* v. *People, ante,* p. 541.) Its provisions cannot, therefore, have any practical effect in cities, villages or towns organized under the gen-

eral law.   The aggregate of all the taxes levied by the village of Brooklyn in the year 1901 was less than two per centum of the taxable property, and was within the power conferred by law.   The act of 1883 did not take away any power that the village already had to levy taxes for lighting its streets, and the objection to the taxes was properly overruled.

The judgment of the county court is affirmed.

*Judgment affirmed.*